UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE LARCEL BROWN,

Petitioner,

vs.                                              Case No. 8:05-CV-1394-T-27TGW

UNITED STATES OF AMERICA,

Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). Upon consideration, Petitioner's motion is DENIED.

Petitioner was charged in a one count indictment with bank robbery, in violation of 18 U.S.C.

§ 2113(a). (CR Dkt. 7). On April 27, 2004, represented by the Federal Public Defender's Office,

Petitioner pled guilty pursuant to written plea agreement. (CR Dkt. 10, 13). Based on an Offense

Level 29 and a Criminal History category VI, Petitioner's guideline range was 151 - 188 months.

(CR Dkt. 36, p. 46). On July 27, 2004, Petitioner was sentenced as a career offender to 170 months,

to be followed by supervised release. (CR Dkt. 24).

Petitioner's direct appeal was dismissed by the Eleventh Circuit based on an appeal waiver

clause in Petitioner's Plea Agreement (CR Dkt. 40). Certiorari was denied. *Brown v. United States*,

126 S.Ct. 548 (2005) (mem). Petitioner filed the instant Motion to Vacate, Set Aside or Correct

Sentence Pursuant to 28 U.S.C. § 2255 on July 26, 2005. (CR Dkt. 41; CV Dkt. 1). The motion is

timely. In the instant motion, Petitioner argues that his sentence should be set aside based on the

Government's alleged breach of the plea agreement (Count One) and his attorney's alleged

ineffective assistance of counsel based on failure to give accurate advice regarding his appeal waiver (Ground Two), inducing him to sign a plea agreement with limited appealability (Ground Three), and failing to appeal the Government's alleged breach of the plea agreement (Count Four).

### Standard

In assessing an ineffective assistance of counsel claim at the trial level, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000)(en banc), *cert. denied*, 531 U.S. 1204 (2001). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

At the appellate level, the *Strickland* standard of review applies to ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). Petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that his lawyer's error affected the outcome of the proceeding. *Strickland*, 466 U.S. at 687-94. In order to establish prejudice, Petitioner must show that counsel's failure to raise an issue affected the outcome of the appeal. *See Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).

### Discussion

### Ground Two: "Ineffective Assistance of Counsel"[1]

In Ground Two, Petitioner contends that his attorney was ineffective in failing to give

---

[1] For a more orderly discussion, Grounds Two, Three and Four will be addressed before Ground One.

accurate advice regarding his appeal waiver, specifically that Petitioner waived his ability to make arguments on appeal pursuant to *Blakely* and *Booker*. Petitioner's contention is without merit. In his plea agreement, Petitioner expressly waived his right to appeal except with respect to four exceptions, none of which are applicable here. Specifically, Petitioner waived his right to appeal his *sentence*, "directly or collaterally, on any ground" . . . "except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines . . ." (CV Dkt. 10, p. 9 -10, ¶ 5). During his Rule 11 plea colloquy, the Magistrate Judge discussed and explained the appeal waiver clause with Petitioner. (CR Dkt. 13, pp. 31-32).

Petitioner acknowledged under oath that he understood the appeal waiver and agreed to that provision "freely and voluntarily as part of this plea agreement." *Id.* He confirmed that he reviewed each page of his plea agreement with his attorney and that he understood everything in the plea agreement. *Id.* at p. 12. He acknowledged the limitation on his appellate rights by virtue of the appeal waiver clause. (CR Dkt. 35, pp. 31-32). Significantly, he acknowledged his understanding that he could appeal only "if there's an upward departure by the sentencing judge, a sentence above the statutory maximum or a sentence that violates the law apart from the sentencing guidelines." In response to the Magistrate Judge's query, Petitioner had no questions about his appeal waiver.

Simply put, it is disingenuous for Petitioner to now claim, in light of his responses to the Magistrate Judge, that he relied on the "erroneous advice of Counsel" that he could, notwithstanding the appeal waiver, appeal "any enhancements above what the applicable guidelines called." (CV Dkt. 1, p. 11). Indeed, Petitioner acknowledges the Magistrate's explanation of the appeal waiver. (CV Dkt.1, p. 12)("Movant also asserts that at the plea hearing in this case the Judge handling the plea

3

hearing stated that defendant would be giving up certain rights to appeal under the plea in this case, is without question."). Finally, Petitioner's contention that he was mislead by counsel concerning his appeal waiver is belied by the record. Near the end of his Rule 11 colloquy, the following exchange took place:

THE COURT: ... And let me turn to paragraph ten, which is the bottom of page 13. That points out that this plea agreement is the entire agreement between you and the government, and that there are no other promises, agreements or representations except for what's written down here or has been clarified here today in court. So if you think someone has promised you something, if it isn't written down here or wasn't stated here today in court, then it doesn't count and you can't rely on it. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Do you have any question about that?

DEFENDANT: No, sir.

THE COURT: Are you pleading guilty freely and voluntarily?

DEFENDANT: Yes, sir.

THE COURT: Has anyone forced you or coerced you in order to get you to plead guilty?

DEFENDANT: No, sir.

THE COURT: Other than what's set out in the plea agreement or stated here today in court, has anyone promised you anything in order to get you to plead guilty?

DEFENDANT: No, Sir.

THE COURT: Ms. Dreispul, as far as you know, have any promises been made except for those set out in the plea agreement or clarified here today in court?

MS. DREISPUL: No, Your Honor.

4

THE COURT: And Mr. Toro-Font[22], as far as you know, have any promises been made except for those set out in the plea agreement or clarified here today in court?

MR. TORO-FONT: None, Your Honor.

THE COURT: Mr. Brown, has anyone coached you or told you to testify other than the truth in answer to my questions today?

DEFENDANT: No, sir.

THE COURT: And have your answers been the truth?

DEFENDANT: Yes, sir.

THE COURT: Ms. Dreispul, have you explained the charge in the indictment to the defendant?

MS. DREISPUL: Yes, Your Honor.

THE COURT: And are you satisfied that he understands it?

MS. DREISPUL: Yes, Your Honor.

THE COURT: Have you had a full opportunity to investigate the law and the facts in this case?

MS. DREISPUL: Yes, Your Honor.

THE COURT: Do you think you need any more time to do that?

MS. DREISPUL: No, sir.

THE COURT: Are you satisfied that the defendant is pleading guilty freely and voluntarily?

MS. DREISPUL: Yes, Your Honor.

THE COURT: Are you satisfied that he fully understands the consequences of pleading guilty?

---

[2] The Government was represented at trial by Eduardo Toro-Font of the United States Attorney's Office.

5

MS. DREISPUL:    Yes.

THE COURT:    Does the government have anything further you wish me to inquire about?

MR. TORO-FONT:    No, Your Honor.

THE COURT:    Ms. Dreispul, is there anything you wish to have placed on the record in connection with this matter?

MS. DREISPUL:    No, Your Honor.

THE COURT:    Mr. Brown, do you have any questions concerning any of these matters that we've discussed?

DEFENDANT:    No, sir.

THE COURT:    Do you have any questions relating to this case about anything that we've not discussed?

DEFENDANT:    No, sir.

THE COURT:    With the warnings and explanations in mind that I've given, do you still wish to plead guilty?

DEFENDANT:    Yes, sir.
(CR. Dkt. 35, pp. 33-36).

Given this extensive colloquy, Petitioner cannot now be heard to contend that his appeal

waiver was not knowing and voluntary or that he did not enter a knowing and voluntary guilty plea.[3]

The representations of Petitioner during his change of plea hearing, along with the findings made by

the Magistrate Judge, constitute "a formidable barrier in any subsequent collateral proceedings."

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's statements in open court are presumed

---

[3] The Eleventh Circuit likewise found that Petitioner had knowingly and voluntarily waived his right to appeal: "Because Appellant knowingly and voluntarily waived his right to appeal his sentence on the grounds he asserts on appeal, this appeal is DISMISSED. (CR Dkt. 40). Accordingly, to the extent Petitioner relies on counsel's assertion in his response to the Government's Motion to Dismiss the appeal that Petitioner did not knowingly and voluntarily waive his right to appeal, that contention has been effectively rejected by the appellate court, which relied on Petitioner's Rule 11 colloquy.

to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (citing *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987)); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). The presumption of verity cannot be overcome by Petitioner's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986), *cert. denied*, 479 U.S. 823 (1986). *See also United States v. Ross*, 2005 WL 2185543, at *2 (11th Cir. Sept. 12, 2005) (holding that the district courts may "discredit any allegations that [defendant's] counsel was ineffective which were contrary to the statements [defendant] made under oath at the plea hearing.") (citing *United States v. Frexias*, 332 F.3d 1314, 1319 (11th Cir. 2003)). Petitioner will be held to the plain and ordinary terms of his appeal waiver. Likewise, Petitioner will not be allowed to effectively disavow his sworn statements to the Magistrate Judge during his change of plea.

Moreover, counsel could not have been ineffective in not anticipating *Booker*. Counsel is not ineffective in failing to anticipate changes in the law or in failing to raise an issue which is without merit under controlling Circuit authority. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). Likewise, counsel was not ineffective for failing to anticipate that the appeal waiver clause would encompass *Blakely* claims. When Petitioner pleaded guilty, the law of this Circuit was that *Blakely* did not apply to the federal sentencing guidelines. *See United States v. Reese*, 382 F.3d 1308 (11th Cir.2004). There was contrary authority, however. *See, e.g., United States v. Booker,* 375 F.3d 508 (7th Cir. 2004); *United States v. Ameline*, 376 F.3d 967 (9th Cir.

2004). As the Government correctly points out, it was not until October 1994 that this Circuit confirmed that *Blakely* claims were encompassed by appeal waivers. *See United States v. Reyes*, No. 04-11912 -II (11th Cir., October 7, 2004); *United States v. Bolen*, 136 Fed.Appx. 325, 330 (11th Cir. 2005). Counsel acted reasonably therefore, albeit incorrectly, in maintaining on appeal that Petitioner's appeal waiver did not encompass *Blakely* claims.

### Ground Three: "Ineffective Assistance of Counsel by inducing Movant to sign a plea that limited appealability."

Petitioner's contention that his attorney "induced" him to sign the plea agreement "without informing defendant that Counsel could fight for the same deal Government was offering . . . within a plea that would allow defendant to reserve appealability rights" is plainly without merit and belied by Petitioner's extensive Rule 11 plea colloquy. Moreover, Petitioner's claim that he was induced to plead guilty based on counsel's statement "if you don't sign the plea and proceed to trial you will get the max end 'Quote'", (CV Dkt. 1, p. 14), is likewise belied by the Rule 11 colloquy. During his change of plea hearing, Petitioner confirmed to the Magistrate Judge that he was satisfied with counsel's representation, that no one had forced him or coerced him to plead guilty and that he was pleading guilty freely and voluntarily, without reliance on anything other than the terms of his plea agreement. (CR Dkt. 35, pp. 11, 33-34). Ground three accordingly has no merit and is dismissed.

In conclusion, Petitioner's claims of ineffective assistance of counsel at the sentencing stage have no merit. An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Petitioner entered a knowing and voluntary guilty plea to a very serious charge pursuant to a plea agreement in which

8

the Government made substantial concessions.  Nothing can be said or presented to change that fact.

**Ground One: "Breach of plea agreement by the Government, by failing to recommend a sentence at the low end as obligated to do."**

**Ground Four: "Ineffective Assistance of Counsel on Appellant Level."[4]**

Petitioner's claim that the Government breached the plea agreement by not orally confirming its recommendation of a low end sentence should have been raised before the sentencing court and on direct appeal.  Although counsel made a non-specific objection during sentencing, the issue was not raised on appeal.  A claim is procedurally defaulted and barred from consideration on collateral review where a petitioner fails to raise a claim that could and should have been raised at sentencing or on direct appeal, and district court review of a defaulted claim is barred absent a showing of cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-70 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001).[5]  To show cause for not raising a claim on direct appeal, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously.  *Lynn v. United States*, 365 F.3d 1225, 1235 n. 20 (11th Cir. 2004) (*quoting Murray v. Carrier*, 477 U.S. 478, 488

---

[4] Since Grounds One and Four are related, they will be discussed together.

[5] As Justice Stevens observed, in a concurring opinion in *U.S. v. Benchimol*, 471 U.S. 453, 457 (1985):

Whether or not the Government complied with Federal Rule of Criminal Procedure 11(e), I agree that the error, if any, was not serious enough to support a collateral attack under Federal Rule of Criminal Procedure 32(d) or 28 U.S.C. § 2255. The error here is "not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." (citation omitted). Nor has it resulted in "manifest injustice." Fed. R. Crim. P. 32(d). If the Government erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal. "[T]here is no basis here for allowing collateral attack 'to do service for an appeal.' " *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947)).

(1986)).   To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999).

Petitioner contends that his attorney's failure to raise the issue on appeal is the cause for his default and that his attorney's action constituted ineffective assistance of counsel.   Petitioner's contentions are without merit.   By virtue of her remarks to the Court during the sentencing hearing, Petitioner's attorney obviously was alert for any conduct by the Government which was arguably inconsistent with its recommendation of a low end sentence. When she became concerned about the robbery victim's statements to the court and the Government's sentencing argument, she informed the Court that in the plea agreement, the Government agreed to a sentence at the low end of the guideline range. (CR Dkt. 36, p. 51).[6]  Indeed, when she believed that the Government's sentencing argument was inconsistent with its low end recommendation or with the Government's recommendation that Petitioner receive a three level adjustment for acceptance of responsibility, she voiced an objection. (CR Dkt. 36, p. 51).[7]

For whatever reason, tactical or otherwise, counsel determined not to raise the issue of breach of the plea agreement on appeal. The Sixth Amendment does not require appellate advocates to raise every non-frivolous issue, *Jones v. Barnes*, 463 U.S. 745 (1983), and counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential."

---

[6] "Well Your Honor, we have a plea agreement in this case where the government has agreed to a low end sentence. Just for the record, to the extent that anything happening is inconsistent with that, I'd like to preserve the objection." (CR Dkt. 36, p. 51)

[7] That is not to say, as will be discussed, that the Government in any way rescinded its agreement to recommend a low end sentence. The sentencing transcript confirms that the prosecutor did not expressly or implicitly rescind the Government's recommendation, notwithstanding that he did not confirm it orally.

*Chandler*, 218 F.3d at 1314.

Waivers such as that contained in Petitioner's plea agreement are enforceable,[8] *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994); *United States v. Weaver*, 275 F.3d 1320 (11th Cir. 2001), and Petitioner's contention that the Government breached the plea agreement does not fall within any of the exceptions to his appeal waiver. Confronted with an enforceable appeal waiver clause, it was objectively reasonable for counsel not to have pursued this issue on appeal.[9] "[E]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52.  As the Government convincingly argues, although the record is silent as to why Petitioner's attorney did not raise breach of the plea agreement on appeal, since defense counsel herself made the sentencing Court aware of the low end recommendation and the Court expressly cautioned counsel that it would not consider itself bound by that, and hereafter imposed a mid-range guideline sentence, "defense counsel acted

---

[8] Petitioner's plea agreement states, in relevant part, as follows:

Appeal of Sentence; Waiver

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in accordance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(CV Dkt. 10, pp. 9-10.).

[9] Presumably, counsel also considered, as the sentencing Court had reminded her in response to the reference to the low end agreement, that the Court was not bound by the recommendation. (CR Dkt. 36, p.51; CR Dkt. 10, p. 3, ¶ 5 (plea agreement)).

reasonably in focusing on the *Blakely/Booker* issues on appeal, notwithstanding that those issues

ultimately proved unsuccessful." (CV Dkt. 11, p. 11).  Moreover, even if counsel had raised this

issue on appeal, it would likely have been dismissed along with the other issues raised on Petitioner's

direct appeal. (CR Dkt. 40).

As a result, Petitioner has not and cannot show that counsel was ineffective or that if

counsel's performance was deficient, he was prejudiced thereby and Grounds One and Four must

be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).[10]

Finally, even assuming that Petitioner's appeal waiver would not have barred appellate

review of this issue, there was no breach because the prosecutor did not renege on or rescind the

Government's low end recommendation.  As the plea agreement was before the court and defense

counsel had made the court aware of the Government's low end recommendation, it was unnecessary

for the prosecutor to merely confirm defense counsel's representation. *See, e.g., United States v.*

_____

[10] Even if Petitioner's claim in Ground One was not procedurally defaulted, and even if Petitioner's appeal waiver did not preclude collateral review, the claim has no merit. In determining whether the terms of a plea agreement have been violated, the inquiry is whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty. *U.S. v. Nelson*, 837 F.2d 1519 (11th Cir.1988) *reh'g. denied* 845 F. 2d 1032 (11th Cir. 1988), *cert. denied*, 488 U.S. 829 (1988); *In Re Arnett*, 804 F.2d 1200, 1203 (11th Cir.1986); *Johnson v. Beto*, 466 F.2d 478, 480 (5th Cir.1972).

Notwithstanding that the prosecutor did not iterate the Government's recommendation of a sentence at the low end of the guideline range, the Court was made aware of the Government's recommendation by defense counsel during sentencing. Moreover, the recommendation was in the plea agreement and the Pre-Sentence Investigation Report articulated it as well. Accordingly, there was no breach. *See United States v. Werner*, 317 F.3d 1168 (10th Cir. 2003) (no breach of plea agreement when prosecutor did not recite low-end recommendation, where recommendation was in plea agreement and court was aware of recommendation); *United States v. Ward*, 84 Fed. Appx. 909 (9th Cir. 2003)(unpublished). Most importantly, Government counsel, although expressing some understandable dismay with defense counsel's sentencing strategies, never reneged on the recommendation.

During the sentencing hearing, Petitioner's attorney sought a downward departure on several grounds, including diminished capacity and voluntary disclosure to the authorities. Moreover, she argued that Petitioner's case presented a case outside the heartland. Additionally, notwithstanding Petitioner's career offender status, she argued that his Criminal History Category over-represented his criminal history. Defense counsel called witnesses in support of her arguments. As a result, the sentencing hearing became somewhat tense, particularly when the victim was afforded the opportunity to address the court. Notwithstanding, the Government never reneged, explicitly or implicitly, on its recommendation for a low end sentence. The Government's conduct was not, therefore, inconsistent with the plea agreement.

*Werner*, 317 F.3d 1168 (10th Cir. 2003).

     Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set

Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED.  The clerk is

directed to enter judgment against Petitioner and close this case.

     **DONE AND ORDERED** in chambers this _____ day of November, 2006.

                           **JAMES D. WHITTEMORE**
                           **United States District Judge**

Copies to: Petitioner, *pro se*
Counsel of Record

13