UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE LARCEL BROWN,

**Petitioner,**

vs.                                                    Case No. 8:05-CV-1394-T-27TGW

UNITED STATES OF AMERICA,

**Respondent.**

_____/

## ORDER

This cause is on remand from the Eleventh Circuit "for further proceedings consistent with this opinion and our decision in <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992)(en banc).[1] Specifically, the case was remanded with directions "to resolve all of the outstanding breach claim, regardless of whether relief is granted or denied, as well as to provide an explanation for its ruling such that we have a sufficient basis for review."

### Procedural history

In his § 2255 motion, Petitioner raised four specific claims:

**Ground one: "Breach of plea agreement by the Government, by failing to recommend a sentence at the Low end as obligated to do."**

**Ground two: "Ineffective Assistance of Counsel"**

---

[1] Petitioner pleaded guilty pursuant to a Plea Agreement to a one count indictment charging him with bank robbery (CR Dkts. 7, 10, 13). Based on an Offense Level 29 and a Criminal History category VI, Petitioner's guideline range was 151-188 months. (CR Dkt. 36, p. 46). Petitioner was sentenced as a career offender to 170 months imprisonment, followed by supervised release. (CR Dkt. 24). Petitioner's direct appeal was dismissed based on an appeal waiver clause in his Plea Agreement (CR Dkt. 40). Certiorari was denied. *Brown v. United States*, 126 S.Ct. 548 (2005) (mem). Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on July 26, 2005. (CR Dkt. 41; CV Dkt. 1). After it was denied, he appealed. The denial of his § 2255 motion was affirmed in part and the instant remand order issued.

**Ground three: "Ineffective Assistance of Counsel by inducing Movant to sign a plea that limited appealability."**

**Ground four: " Ineffective Assistance of Counsel on Appellant [sic] Level"**

Petitioner's § 2255 motion was denied in this Court's Order of November 7, 2006 (Dkt. 15). In that Order, each ground Petitioner raised was quoted and discussed in separate headings, with the exception of Grounds One and Four.  Grounds One and Four were related and therefore discussed together (Dkt. 15, p. 9, n. 4). This Court determined that counsel was not ineffective in failing to raise as an issue on appeal the Government's failure to recommend a low end sentence and that no prejudice could be shown because the issue would likely have been "dismissed along with the other issues raised on Petitioner's direct appeal" (Dkt. 15, p. 12).  The remand order affirms these findings.

## Discussion

The remand order identifies two claims not addressed by the district court:[2]

---

[2] In his § 2255 motion, Petitioner raised three specific claims of ineffective assistance and one claim that the Government breached the Plea Agreement by not recommending a low end guideline sentence at sentencing (Dkts. 1, 5). In his Supplement (Dkt. 5), Petitioner elaborated on those claims but did not add any new claims or factual argument. In his Reply to the Government's Response in opposition to his § 2255 motion, Petitioner did not add any claims. Finally, Petitioner never sought to amend his § 2255 motion. *See Snyder v. United States,* No. 07-11119, 2008 WL 151820, 1 (11th Cir. Jan. 17, 2008)(holding no violation of *Clisby* in district court's failure to address issue, finding "Snyder filed no motion seeking leave to amend his section 2255 motion after the government filed its response to it. And even liberally construed, Snyder's reply to the government's response did not seek leave to amend his section 2255 motion by raising a claim that his plea was not knowing and voluntary.").

Accordingly, this Court confesses some confusion regarding the issues framed in the remand as having not been addressed by the district court. The remand order states: "As for Brown's claim that counsel was ineffective for failing to argue, on direct appeal, that the government breached the plea agreement by supporting the Probation Office's recommendation of a low-end [sic] sentence, the district court did not address this issue." The remand order also states that the district court "did not consider whether the government's conduct arguably supporting the Probation Office's recommendation of a mid-range sentence, constituted a breach of its obligation, pursuant to the plea agreement, to recommend a low-end sentence."

Even liberally construing Petitioner's *pro se* pleadings, neither issue was presented in Petitioner's § 2255 motion, his Supplement, or in his Response to the Government's opposition to his § 2255 motion. Petitioner never argued to the district court that the Government's conduct supported a recommendation of the Probation Office. His only factual argument was that the prosecutor, by his silence, breached the government's agreement to recommend a low end sentence, an argument he consistently made throughout his pleadings (Dkt. 1, p. 7, 8, 9, 10, 17, 18; Dkt. 5, p. 13, 17, 20; Dkt. 12, p. 5 ("Where counsel [sic] clearly argued for the government to honor its commitment at sentence [sic] dealing with the very issue at hand failure to recommend a sentence at the low end as the government was obliigated [sic] to do. . ."), p. 10 ("The government's failure to make an obligated recommendation, as well as end run's opposite of the terms in its plea with the accused . . ."), p. 11 ("Brown maintains that the government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range."), p. 13, 14, 15, 16; Dkt. 7, p. 3, 4, 5, 8 ).

1)   Defense counsel was ineffective in failing to argue on appeal "that the government breached the plea agreement by supporting the Probation Office's recommendation of a low-end [sic] sentence . . ."

2)   "[T]he government's conduct, arguably supporting the Probation Office's recommendation of a mid-range sentence, constituted a breach of its obligation, pursuant to the plea agreement, to recommend a low-end sentence."

### Ineffective Assistance

For the same reasons explained in the Order denying Petitioner's § 2255 motion, Petitioner's claim that counsel was ineffective in failing to argue on direct appeal that "at sentencing, the government took a position 'opposite to the terms of the pleas' by supporting the Probation Office's recommendation to impose a mid-range, rather than a low-end, sentence," has no merit. Counsel was not ineffective in failing to argue this particular issue on appeal or in failing to argue that the Government's conduct during the sentencing hearing violated the Plea Agreement because the Government's conduct at sentencing was not a breach of the agreement.

A review of the sentencing transcript demonstrates that the prosecutor fairly responded to evidence and argument presented by defense counsel in support of her several motions for downward guideline departures, and her objection to disputed facts which were relevant to an offense

---

This Court does not have the benefit of Petitioner's appellate brief and therefore can only assume that Petitioner made the arguments framed in the remand order for the first time in that brief. Respectful, however, of the purpose of the remand order and the teaching of *Clisby v. Jones*, this Court has again reviewed the entire record, including Petitioner's § 2255 motion, his Supplement, his response to the Government's opposition, his motion for summary judgment and his construed application for certificate of probable cause, in an effort to consider Petitioner's contentions. Simply put, Petitioner did not present the issues framed by the remand order to the district court. Specifically, Petitioner never mentioned a recommendation of a mid-range sentence by Probation. The closest Petitioner came to an argument that the Government's conduct arguably supported a recommendation by the Probation Office of a mid-range sentence was his contention that the prosecutor breached his obligation to recommend a low end sentence by standing "mute" and thereby "the government took a position during sentencing opposite to the terms of its plea." (Dkt. 5, p. 20). A recommendation of the Probation Office was never alluded to by Petitioner. His arguments always referenced the Government's low end guideline recommendation and the prosecutor's failure to confirm that recommendation in court.

characteristic. The Plea Agreement did not restrict the Government's right to respond to defense counsel's argument and motions or to present information relevant to Petitioner's criminal offense. Indeed, the Plea Agreement expressly reserved to the Government the right to do so. (Plea Agreement- Dkt. 10, p. 8, ¶ 3). The Government never suggested a particular sentence and never retreated from, renounced or reneged on the terms of the Plea Agreement, including its recommendation of a low end sentence.

To the extent Petitioner complains that the responsive argument of the prosecutor was inconsistent with the Government's low end recommendation, his contention is illogical and without merit. First, as noted, the Plea Agreement did not restrict the Government's right to oppose downward departure requests or to argue against defense arguments made in support of a downward departure pursuant to USSG § 5K2.0. Second, the Plea Agreement did not restrict the Government's responsibility to argue the correct application of the sentencing guidelines. As the transcript bears out, some of the bases for downward departures urged by the defense attorney were prohibited by the guidelines, as the prosecutor correctly informed the Court. Third, there was nothing in the prosecutor's argument which was inconsistent with his low end recommendation because the low end of the applicable guideline range could not have been ascertained unless and until the Court correctly determined the applicable guideline range, after considering all relevant guideline provisions.

Lastly, the prosecutor had a duty, expressly contemplated by the Plea Agreement, to bring relevant facts concerning the "nature and circumstances of the offense" to the Court's attention, so that the Court could consider the sentencing criteria set forth in 18 U.S.C. § 3553(a). The prosecutor's duty cannot be trumped by Petitioner's strained interpretation of the Plea Agreement.

*See United States v Block,* 660 F.2d 1086, 1091-92 (5th Cir. 1981), *cert. denied,* 456 U.S. 907 (1982).

> A prosecutor has a duty to insure that the court has complete and accurate information concerning the defendant, thereby enabling the court to impose an appropriate sentence. Thus if an attorney for the Government is aware that the court lacks certain relevant factual information or that the court is laboring under mistaken premises, the attorney, as a prosecutor and officer of the court, (citations omitted), has the duty to bring the correct state of affairs to the attention of the court. . . . As part of a plea agreement, the Government is free to negotiate away any right it may have to recommend a sentence. **However, the Government does not have a right to make an agreement to stand mute in the face of factual inaccuracies or to withhold relevant factual information from the court.** Such an agreement not only violates a prosecutor's duty to the court but would result in sentences based upon incomplete facts or factual inaccuracies, a notion that is simply abhorrent to our legal system. (emphasis added).

As to Petitioner's apparent contention that the prosecutor's conduct was "arguably" supportive of a recommendation of the Probation Office for a mid range sentence, any such recommendation was never mentioned or referenced, implicitly or otherwise, by the prosecutor during the sentencing hearing. Whatever the recommendation of the Probation Office, it was never mentioned or alluded to during the sentencing hearing. Simply put, the matter never came up.

Counsel cannot be ineffective in failing to raise an issue on appeal which has no merit. *Carl v. Dugger,* 911 F.2d 1494, 1520 (11th Cir. 1990). Likewise, counsel could not have been ineffective in failing to raise an issue that never arose.  In sum, counsel was not ineffective in failing to raise on appeal any issues alleging breach of the Plea Agreement, as the prosecutor did not take a position inconsistent with or "opposite to" the terms of the Plea Agreement, never retreated from the low end sentence recommendation and did not allude to or in any way support a recommendation of the Probation Office.

In order to demonstrate ineffective assistance of appellate counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(*citing Strickland*, 466 U.S. at 687).

An ineffective assistance of appellate counsel claim is considered under the same two-part test announced in *Strickland v. Washington*, supra. *Grubbs v. Singletary*, 120 F.3d 1174, 1175 (11th Cir. 1997); *Milligan v. United States,* 213 F. App'x 964, 966 (11th Cir. 2007).

## The Government's conduct did not breach the Plea Agreement

In considering whether the prosecutor's conduct during the sentencing hearing was inconsistent with the Plea Agreement, the specific conduct of the prosecutor complained of must be examined in the context of the Plea Agreement. In pertinent part, the Plea Agreement provides:

> **The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any. (emphasis added).**

(Plea Agreement- Dkt. 10, p. 8, ¶ 3).

The Plea Agreement expressly reserved to the Government the right to provide relevant information to the court concerning Petitioner's criminal conduct and to respond to defense argument and correct misstatements or inaccuracies. The agreement did not restrict the

Government's right to oppose Petitioner's motions for downward departure or to support guideline enhancements based on specific offense characteristics. As will be discussed, the prosecutor's actions were entirely consistent with the Plea Agreement. Moreover, a review of the sentencing transcript confirms that the prosecutor never disavowed, rescinded, or retreated from his recommendations in the Plea Agreement.

### Prosecutor's conduct in presenting the victim teller's testimony of life threatening statements made by Petitioner during robbery

In response to the Pre-Sentence Investigation Report ("PSR"), Petitioner objected to that portion which described threatening statements Petitioner made to the victim bank teller during the robbery, which she perceived as life threatening. This fact was relevant to a specific offense characteristic under USSG § 2B3.1(b)(2)(F)("if a threat of death was made, increase by 2 levels."). As a result of this defense objection, the Court was required to resolve the disputed facts. USSG § 6A1.3. Accordingly, consistent with his duty and burden, the prosecutor called the teller to establish what Petitioner said to her during the robbery.[3] The teller testified that Petitioner had indeed made the life threatening statements to her during the robbery, as the PSR accurately described.

In calling the victim teller as a witness, the prosecutor did nothing more than "provide relevant factual information" to assist the Court in resolving a factual issue raised by Petitioner relevant to a specific guideline offense characteristic. The teller's testimony was undisputed. The prosecutor, indicating as much, expressed frustration in having to call the teller to testify in person, rather than by affidavit, as he had unsuccessfully attempted to arrange with defense counsel. The prosecutor understandably suggested that Petitioner, by forcing the victim to testify, had not accepted

---

[3] The teller testified that she experienced a fear of death as a result of Petitioner's statements, which she recalled to be: "I have a gun. Give me all of your money; I have a gun.  Don't do anything stupid; Give me all your money; I have a gun. Don't do anything stupid, and have a nice day" (Dkt. 36, pp. 4-5; 6).

responsibility for his offense. (Dkt. 37, pp. 20-22). Notwithstanding this suggestion, the Court awarded Petitioner the full three points for acceptance of responsibility.[4] At sentencing, defense counsel expressed concern that the Government's response to her argument and downward departure motions was possibly inconsistent with the Plea Agreement, particularly the prosecutor's suggestion that Petitioner's actions did not constitute acceptance of responsibility (Dkt. 36, p. 51). The issue was not pursued by counsel on appeal, for objectively good reason.

Most importantly, as to any possible claim of breach, the prosecutor never explicitly retreated from the recommended three level adjustment for acceptance of responsibility. Moreover, since the Court awarded Petitioner the full three level adjustment for acceptance of responsibility, appellate counsel acted reasonably in not pursuing this on issue. Regardless of appellate counsel's actions, there was no prejudice in counsel failing to argue this on appeal. Petitioner seemingly acknowledges this in his pleadings. Although Petitioner mentions the prosecutor's comment about acceptance of responsibility in his motion and Supplement, he did not rely upon it as a breach of the Plea Agreement. Nor did he contend that counsel was ineffective in failing to raise this issue on appeal.

That the teller's testimony adversely impacted the guidelines does not support Petitioner's theory of breach. "The solemnization of a plea agreement, however, does not preclude the government from disclosing pertinent information to the sentencing court." *United States v. Cochran,* 199 F. App'x 784, 789 (11th Cir. 2006)(citing *United States v. Boatner,* 966 F.2d 1575, 1578 (11th Cir. 1992)). Significantly, the Plea Agreement did not restrict the Government from presenting relevant evidence to assist the Court in resolving the factual dispute. Nor did the Plea

---

[4] In the Plea Agreement, the Government agreed that at the time of sentencing, "and in the event no adverse information is received suggesting such a recommendation to be unwarranted," it would recommend a three level adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) (Dkt. 10, p. 2, ¶ 5).

Agreement confine the Government to the stipulated facts in the Plea Agreement. The Government simply exercised its right to present all factual information relevant to Petitioner's criminal activities, consistent with its right to do so under the Plea Agreement. *United States v. Cochran,* 199 F. App'x at 790.

Moreover, Petitioner knew that the prosecutor would be addressing the teller's account of Petitioner's statements at sentencing. During Petitioner's Rule 11 plea colloquy, noting that Petitioner had crossed out the statements attributed to the teller in the stipulated facts, the Magistrate Judge specifically addressed this factual dispute:

> THE COURT:    Okay. Does the government – is there anything you wish to add? Do you want to put back that sentence he's disputing?
>
> GOVERNMENT:    Well, in terms of the victim teller, it is from that angle that we need to look at the intimidation aspects of the case, and that's what case and the jury instructions indicate. So I would just state for the – . . . I'm just saying that for the record, the victim did feel intimidated by the request for the money and it's her recollection that a gun was implied. *But that's in dispute right now and that's a sentencing issue.* (emphasis added).

Petitioner was therefore on notice at the time of the plea that the Government intended to address this factual dispute at sentencing. Notwithstanding, Petitioner did not object when the Government called the teller to testify. In fact, at sentencing, defense counsel acknowledged the Government's responsibility to present this testimony (Dkt. 37, p. 24: "If the government has a burden of proof and the defendant does not stipulate to it, the government must present witnesses."). In his *pro se* motion for summary judgment filed incident to his § 2255 motion, Petitioner likewise acknowledged that the prosecutor had "clearly reserved the right to argue the disputed issue" (Dkt. 7, p. 8). Counsel could not reasonably have argued on appeal, therefore, that the Government's conduct in calling the teller as a witness was a breach of the Plea Agreement.

That the prosecutor urged application of the two level enhancement based on the teller's testimony was likewise not inconsistent with the Government's low end recommendation. As a practical matter, as Petitioner acknowledged during the plea colloquy and in the Plea Agreement, the applicable sentencing guideline range would not be determined until sentencing, when the Court was "required to consider any applicable sentencing guidelines . . . ." (Dkt. 10, p. 8-9). The Plea Agreement did not specify a particular guideline range. Until the Court considered all applicable guideline provisions and determined the applicable guideline range, Defendant could not have reasonably anticipated what the low end of his guideline range would be. The Government's low end recommendation was not, therefore, dependent on any particular guideline range or the presence or absence of any particular offense characteristic.

A correct application of the sentencing guidelines was the responsibility of the Court. The prosecutor would have been derelict in his duty if he had not called the only witness with knowledge of the threats made by Petitioner, to assist the Court in properly applying the relevant guideline provision. In sum, the prosecutor's conduct in calling the teller and urging the two level enhancement based on her testimony was not inconsistent with the Plea Agreement. Nothing in the Plea Agreement restricted the Government's obligation or right to present evidence to assist the Court in resolving relevant factual disputes. Arguing on appeal that the prosecutor's conduct was a breach of the Plea Agreement would have been frivolous and counsel was not ineffective in failing to make that argument.

### *Prosecutor's opposition to motions for downward departures*

Likewise, as discussed, the prosecutor did not breach the Plea Agreement by responding in opposition to the several defense motions and argument for downward departures, or in alerting the

-10-

Court to guideline provisions which prohibited the requested departures. Again, the Plea Agreement expressly reserved the "right and obligation" to the Government "to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies" (Dkt. 10, p. 8, ¶ 3).

Prior to sentencing, defense counsel filed a sentencing memorandum containing several bases for downward departures, including diminished mental capacity (§ 5K2.13), outside the heartland (§ 5K2.0), voluntary disclosure of offense (§ 5K2.16) and over-representation of criminal offense level (§ 4B1.1(a)(1)). (Dkt. 37, pp. 13-19). Additionally, defense counsel argued that although Petitioner was properly scored as a career offender, a one level horizontal departure was appropriate because of Petitioner's eight criminal history points (Dkt. 19). Pursuant to the express terms of the Plea Agreement, the prosecutor properly responded to those departure requests, correcting defense counsel's misplaced reliance on departure provisions which were prohibited by other guideline provisions or otherwise not supported by the facts. In the Plea Agreement, the prosecutor expressly reserved the right "to correct any misstatements or inaccuracies." (Plea Agreement- Dkt. 10, p. 8, ¶ 3). The prosecutor was duty bound to bring to the attention of the Court those guideline provisions which prohibited the requested departures or impacted on the applicability of the guideline provisions relied on by defense counsel. Further, nothing in the Plea Agreement restricted the Government's ability or right to oppose unwarranted or prohibited departures.

In sum, a review of the sentencing transcript confirms that the prosecutor never reneged, rescinded, or otherwise retreated from his low end recommendation or any other aspect of the Plea Agreement. Contrary to Petitioner's arguments, the prosecutor's conduct was not inconsistent with the Plea Agreement. He never requested a specific sentence, much less a sentence inconsistent with

the low end. *See United States v. Cochran,* 199 F. App'x at 790 (The "government did not explicitly advocate that the court sentence (Petitioner) above the low end of the sentencing guideline range, and the government did not openly appose the promises made in the plea agreement.").

Lastly, and significantly, for purposes of the remand, the prosecutor never mentioned a sentencing recommendation of the Probation Office. What the prosecutor did do, consistent with his right under the Plea Agreement, was present important facts to the Court to assist it in resolving a factual dispute raised by Petitioner and respond, as he was duty bound to do, to the testimony and arguments for downward departures made by defense counsel. There was no breach of the Plea Agreement and defense counsel was not ineffective in failing to argue on appeal that there was.

Finally, as referenced in a footnote to the remand order, the Plea Agreement provides:

> The government expressly reserves the right to support and defend any decision that (scratched out) the Court may make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

To the extent Petitioner contends that the prosecutor's argument and conduct was inconsistent with the Government's obligation under this particular paragraph, that claim likewise has no merit. As is customary in plea agreements utilized in the Tampa Division of the Middle District of Florida, that paragraph reserves to the Government the right to support and defend the Court's sentencing guideline decisions and sentence, if challenged on appeal or collaterally, notwithstanding any recommendations the Government agreed to make at sentencing. The reference to the Probation Office, which was crossed out and initialed by Petitioner, contemplates the Government's right to support and defend any guideline recommendations by Probation adopted by the Court.[5] The right of the Government to "support and defend" the Court's guideline decisions and

---

[5] As to this paragraph in the Plea Agreement, Petitioner has apparently made another argument in his appellate brief which was not presented to the district court, involving another instance in which Petitioner struck through words in the Plea Agreement. The remand order at page 3, by bracketed interlineation, suggests that the parties intended that

-12-

sentence is entirely consistent with the Plea Agreement. In the Plea Agreement, Petitioner expressly acknowledged that the Court was not a party to the Plea Agreement and was not bound by any recommendations contained therein. In the event of an appeal of the Court's sentence or guideline application, Petitioner reasonably would have believed that the Government would  defend the Court's decisions.

To the extent Petitioner contends that this provision in some way restricted the ability and right of the Government to oppose defense argument and downward departure motions, his argument likewise has no merit. Petitioner cannot, by striking through the words "the Probation Office" and initialing that redaction, turn the paragraph on its head and argue that the Government agreed to "support and defend" any decision *by Petitioner.* Any such argument is unreasonable, opportunistic, and misleading.

Whether the Government violated the Plea Agreement is determined according to Petitioner's *reasonable* understanding. *United States v. Cochran,* 199 F. App'x at 790. Where, as here, Petitioner's understanding is disputed, the terms of the Agreement are determined "according to objective standards." *Id.* Petitioner, by virtue of the express language of the Plea Agreement, reasonably understood that the Government reserved its right to "provide relevant factual information, including the totality of the defendant's criminal activities, . . . to respond to comments

---

"[Brown]" be substituted in place of "the Probation Office," as Petitioner's initials are next to the scratched out words. If Petitioner made this argument in his appellate brief, respectfully, it is nothing other than an opportunistic attempt to mislead the court. If Petitioner had made such an argument to this Court, it would have been rejected as patently frivolous.

Petitioner's apparent suggestion that the parties intended to substitute Petitioner's name in place of "the Probation Office" is not a reasonable explanation of what happened. Petitioner has never suggested or argued that to the district court. Moreover, the suggestion is illogical, in that it suggests that the Government intended to support and defend a decision by *Petitioner.* Read in proper context, the entire paragraph deals with sentencing recommendations made by the *parties* and the *Government* and confirms Petitioner's understanding that the Court was not a party to the Plea Agreement and not bound by any recommendations contained therein. Finally, Petitioner's initials merely evidenced that it was Petitioner who made the scratch out. That was never an issue in the district court.

made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies." (Plea Agreement, Dkt. 10, p. 8, ¶ 3).

### Conclusion

Appellate counsel is not ineffective in failing to raise claims "reasonably considered to be without merit." *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000), *cert. denied,* 531 U.S. 1131 (2001); *Jones v. Barnes*, 463 U.S. 745 (1983). "[E]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52. Conversely, an appellate advocate may deliver deficient performance and prejudice a defendant by failing to raise an issue which was obvious from the trial record would have resulted in a reversal on appeal. *See, e.g., Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir. 1987) (counsel's failure to raise issue which "was obvious on the record, and must have leaped out upon even a casual reading of [the] transcript" was deficient performance).

To prevail on his claims of ineffective assistance on appeal, Petitioner must show that appellate counsel was objectively unreasonable in not raising the omitted issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Because Petitioner's contentions that the Government breached the Plea Agreement are without merit, Petitioner does not demonstrate that appellate counsel was objectively unreasonable in failing to raise those issues on appeal.

The prosecutor's argument and conduct did not violate the Plea Agreement. Counsel was not ineffective in failing to raise on appeal issues having no factual or legal support. Petitioner has not satisfied the first prong of *Strickland,* that it was objectively reasonable for counsel not to have raised this as an issue on appeal. Petitioner's claim of ineffective assistance accordingly has no

merit. Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his

ineffective assistance claim is properly dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th

Cir. 1995).

Finally, a COA is not warranted. While issuance of a COA does not require a showing that

the appeal will succeed, *see Miller-El v. Cockrell,* 537 U.S. 322, 336-37 (2003), a petitioner must

demonstrate that reasonable jurists would find the court's assessment of the petitioner's constitutional

claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279

F.3d 926, 935 (11th Cir. 2001). Petitioner cannot make this threshold showing. *See Slack,* 529 U.S.

at 485. This Court can identify no claim raised by Petitioner on which reasonable jurists would

disagree with this Court's assessment or find its resolution debatable or wrong.

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28

U.S.C. § 2255 (CV Dkt. 1) is DENIED in all respects. The Clerk is directed to enter judgment

against Petitioner and close this case.

**DONE AND ORDERED** in chambers this ___11^TH___ day of April, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, *pro se*
Counsel of Record